UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRIDGET MORENO, ELIA QUIROGA and DAVID WARD, Individually And On Behalf Of Others Similarly Situated, § § § § § | |
| Plaintiffs, § | CASE NUMBER: SA-07-CA-284-OG |
| v. § § | |
| EDCARE MANAGEMENT, INC. § § | |
| Defendant. | |

### DEFENDANT EDCARE MANAGEMENT INC.'S
### MEMORANDUM IN SUPPORT OF MOTION TO JOIN A NECESSARY
### PARTY AND TO DISMISS THE CLAIMS AGAINST EDCARE

Defendant EDCare Management, Inc. ("EDCare") respectfully submits this memorandum in support of its motion to join a necessary party and to dismiss the claims against EDCare pursuant to Rules 12(b)(6) and 19 of the Federal Rules of Civil Procedures.

### Preliminary Statement

This "collective" action seeks additional compensation and injunctive relief based on allegedly unpaid overtime pay, without naming as a defendant the employer that has actually paid and been responsible for paying relevant wages to the Plaintiffs. By so doing, the Plaintiffs have failed to join a necessary party for the effective resolution of this matter. In addition, when attempting to characterize EDCare as their "employer," the Plaintiffs have pleaded only *legal conclusions, not facts* that support such a finding. Accordingly, this Court should order the joinder of the necessary party and dismiss the claims against EDCare.

## Statement of Facts

For purposes of this motion, the Plaintiffs' allegations are fairly simple. They allege that EDCare is their "employer" for purposes of the Fair Labor Standards Act. Complaint ¶¶ 7, 8, 10. The Plaintiffs further allege that "EDCare did not pay Plaintiffs and the FLSA Employees time-and-one-half for hours worked in excess of 40 in any workweek." *Id.* ¶ 11.

Less simple are the facts that are omitted from the Plaintiffs' Complaint. For example, the Complaint never alleges that EDCare paid *any* portion of the Plaintiffs' wages. The Complaint does not identify the Plaintiffs' actual employer that paid their regular wages. Also missing from the Complaint are any facts reflecting the relationship between EDCare and the Plaintiffs' employer that paid their wages. Likewise, the Complaint fails to set forth any facts that support the *legal conclusion* that EDCare constituted the Plaintiffs' "employer" for FLSA purposes.

In reality, Southwest General Emergency Physicians, PLLC, of Texas ("Southwest") is the pertinent employer that paid the Plaintiffs' wages. Attached to the accompanying Declaration of Susan Greco ("Greco Dec."), as Exhibit A, are redacted W-2 forms that reflect the source of such wages as Southwest, a professional limited liability corporation in which EDCare is not even a member. Greco Dec., Exh. A. As a general matter, for each hospital with which EDCare establishes a relationship, either a subsidiary or a professional limited liability corporation is formed. *Id.* ¶ 3. In Texas, EDCare is not a "member" of the professional limited liability corporations that contract with the hospitals. *Id.*

## Argument

**I. THE PLAINTIFFS HAVE FAILED TO JOIN THEIR EMPLOYER THAT ACTUALLY PAID, AND WAS RESPONSIBLE FOR PAYING, THEIR WAGES.**

Without alleging any supporting facts in their Complaint, the Plaintiffs merely allege the legal conclusion that EDCare is their "employer." In so doing, the Plaintiffs have failed to join their claims against Southwest, the *employer* that actually paid their wages.

Rule 19(a) of the Federal Rules of Civil Procedure requires that a plaintiff join a party if "in the person's absence complete relief cannot be accorded among those already parties" or "the disposition in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations …." Fed. R. Civ. P. 19(a). Rule 19(c) requires that a complaint state the names of such parties "who are not joined, and the reasons why they are not joined." Fed. R. Civ. P. 19(c).

"The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986). "[W]hen an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder," in this case, the Plaintiffs who have failed to name Southwest. *Id.* at 1309. Hence, once EDCare identifies a "possibly necessary party [who] is absent, the burden of disputing this initial appraisal falls on" the Plaintiffs. *Id.*

Southwest is more than "possibly" a necessary and absent party. The Plaintiffs have apparently sought to distance themselves from their local employer, as a strategic matter, when attempting to frame this case as a nationwide collective action. Nevertheless, they cannot escape the fact that their local employer is a necessary party to this action. Among other things, the

inclusion of Southwest is necessary in order to avoid the risk of multiple litigations and inconsistent obligations. Indeed, the Plaintiffs seek not only damages, but also injunctive relief regarding their pay. As a result, and as a matter of fundamental fairness, the employer that pays their wages must be a party.

The Plaintiffs cannot meet their burden of disputing the need for Southwest's participation in this action as a party. Indeed, the Plaintiffs have not pleaded "the reasons why [Southwest was] not joined," as required by Rule 19(c). This failure by the Plaintiffs provides them with no support in their Complaint for failing to join their claims against Southwest. Accordingly, Southwest should be joined under Rule 19 as a necessary and indispensable party.

## II. THE COMPLAINT DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE IT LACKS FACTUAL ALLEGATIONS TO SUPPORT A FINDING THAT EDCARE IS THE PLAINTIFFS' "EMPLOYER" FOR PURPOSES OF THE FLSA.

At issue is whether the Plaintiffs can survive a motion to dismiss based on conclusory allegations that EDCare constitutes their "employer," for FLSA purposes, without any *factual* allegations whatsoever in the Complaint to support such a conclusion. It is axiomatic that only a statutory "employer" can be liable under the FLSA. 29 U.S.C. § 216(b).

On a Rule 12(b)(6) motion to dismiss, a reviewing court should "accept as true the well-pleaded factual allegations in the complaint." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285 (5th Cir. 2004). The focus is on *factual* allegations, rather than on allegations of *legal* conclusions because a court should consider whether plaintiff can prove a "set of *facts* in support of his claim which would entitle him to relief." *Id.* (emphasis added). A court "may not rely upon conclusional allegations or legal conclusions disguised as factual allegations." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). "[C]onclusory allegations or legal

conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004).

In the present case, the need for factual allegations regarding who may be an "employer" is much more than a procedural technicality. A recent opinion, in *Colindres v. Quietflex Mfg.*, 235 F.R.D. 347 (S.D. Tex. 2006), explained:

> A "strong presumption" exists that a parent corporation is not the employer of its subsidiary's employees. "Only evidence of control suggesting a significant departure from the ordinary relationship between a parent and its subsidiary"-such as "domination similar to that which justifies piercing the corporate veil"-can overcome the presumption. *Lusk v. Foxmeyer Health Corp.,* 129 F.3d 773, 778 (5th Cir. 1997). The existence of common management and ownership and the "normal incidents" of a parent-subsidiary relationship, such as the parent's right to select directors and to set general policies, do not justify treating a parent and its subsidiary as a single employer. *Id.* "'Attention to detail,' not general oversight, is the hallmark of interrelated operations."

*Id.* at 363 (setting forth unexhaustive list of relevant factors for determining when a related corporate entity may be a statutory "employer"); *see Henry v. Circus Circus Casinos*, 223 F.R.D. 541 (D. Nev. 2004) (finding that employees lacked standing under Article III of the United States Constitution to proceed with claims against subsidiaries of their employer's parent corporation); *Zhao v. Bebe Stores, Inc.*, 247 F. Supp. 2d 1154 (C.D. Cal. 2003) (engaging in fact-intensive inquiry when determining that defendant was not a joint "employer" under the FLSA); *see also Walling v. Jacksonville Terminal Co.*, 148 F.2d 768, 771 (5th Cir. 1945) (under the FLSA, "[w]ages are due according to principles of contract, not of tort"). In the Complaint, the Plaintiffs have made absolutely no allegations of relevant facts that would overcome the "strong presumption" under *Colindres* and *Lusk*, and that would make EDCare the Plaintiffs' statutory "employer."

Though unnecessary for the resolution of EDCare's motion to dismiss, this Court may consider the W-2 forms that confirm that Southwest is the Plaintiff's "employer." *See Greco Dec.*, Exh. A. When reviewing a motion to dismiss, a trial court may consider documents that are submitted with the motion, if the documents are encompassed by the complaint, central to the allegations, and indisputably authentic. *Causey*, 394 F.3d at 288 ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."). Here, the W-2 forms may properly be considered because they "relate to [the plaintiff's] complaint by explaining the relationship between [the defendants]" on the central issue of whether EDCare is the Plaintiff's "employer." *Id.* at 290.

Even without resort to the W-2 forms, a review of the Complaint reveals an absence of *factual* allegations that would support a finding that EDCare has been the Plaintiff's statutory "employer" for FLSA purposes. Under the controlling standards in this circuit, this Court should disregard all conclusory (and misleading) allegations that EDCare is a statutory "employer" of the Plaintiffs. Consequently, this Court should dismiss all claims against EDCare.

## Conclusion

Based on the foregoing, EDCare respectfully submits that this Court should order the joinder of Southwest as a defendant and dismiss all claims against EDCare.

DATED: May 3, 2007.

                                      Respectfully submitted,

                                      /s/ Jeffrey M. Tillotson
                                      Jeffrey M. Tillotson
                                      State Bar No. 20039200
                                      John Volney
                                      State Bar No. 24003118
                                      LYNN, TILLOTSON & PINKER, L.L.P.
                                      750 N. St. Paul Street, Suite 1400
                                      Dallas, TX 75201
                                      Telephone: (214) 981-3800
                                      Fax: (214) 981-3839
                                      Email: jmt@lynnllp.com

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and correct copy of the foregoing document was served this 3rd day of May, 2007, on the following persons as shown below:

      ***Via Facsimile***
      Richard J. Burch
      Bruckner Burch PLLC
      5847 San Felipe Suite 3900
      Houston, TX 77057
      (713) 877-8788 - Telephone
      (713) 877-8065 – Facsimile

      James A. Jones
      Gillespie, Rozen, Watsky & Jones, PC
      3402 Oak Grove Avenue - Suite 200
      Dallas, TX 75204
      (214) 720-2009 - Telephone
      (214) 720-2291 - Facsimile

                                        /s/ Jeffrey M. Tillotson
                                                Jeffrey M. Tillotson