UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **BRIDGET MORENO, ELIA QUIROGA AND DAVID WARD**, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, <br><br>*Plaintiffs,*<br><br>v.<br><br>**EDCARE MANAGEMENT, INC.,**<br><br>*Defendant.* | CASE NO. SA-07_CA-284-OG<br><br><br>COLLECTIVE ACTION<br><br><br>JURY TRIAL DEMANDED |

# RESPONSE TO EDCARE'S
## MOTIONS TO JOIN A NECESSARY PARTY AND TO DISMISS

Plaintiffs Bridget Moreno, Elia Quiroga and David Ward (Plaintiffs) sued Defendant EDCare Management, Inc. (EDCare) for failing to pay them overtime as required by the Fair Labor Standards Act (FLSA). In response, EDCare contends the Court should dismiss the claims against it – prior to any discovery whatsoever – because it claims someone else is actually to blame. *See* Doc. 6. Plaintiffs respectfully submit EDCare is – for a number of reasons – incorrect.

First, an employee with only one "job" may nonetheless have multiple "employers" under the FLSA. Each of these employers is jointly and severally responsible for any underpayment in overtime wages. Accordingly, full relief can be obtained from any one of the relevant employers, thus the others are not "necessary."

1

Second, even if EDCare can ultimately establish that it is not one of Plaintiffs' employers, this issue is not appropriately resolved via a 12(b)(6) motion. Instead, Plaintiffs should be permitted to probe the veracity of EDCare's assertion through the discovery process. For example, EDCare asserts the "pertinent employer" is Southwest General Emergency Physicians, PLLC (Southwest), "a professional limited liability corporation in which EDCare is not even a member." *See* Doc. 6, p. 2 & Ex. A, at ¶ 4. However, both the Texas Comptroller and Westlaw list EDCare as Southwest's ***only*** **and "*managing*"** member. *See* Exhibit A. Because EDCare has been given a clear and concise statement of the claims against it, the remaining issues should be handled in the normal course. EDCare's motions should be denied.

### ARGUMENT

**A.     Southwest General Emergency Physicians, PLLC Is Not a Necessary Party.**

Federal Rule of Civil Procedure 19 establishes the standards for joinder of necessary and indispensable parties. *Thomas v. S.H.R.M. Caterin Services, Inc.,* 2007 WL 656251 *1 (S.D.Tex. 2007). The threshold question under Rule 19 is whether the party is *necessary*. *Id.* (emphasis in original(citing Fed.R.Civ.P. 19(a)). In order to secure dismissal for failure to join a party, the defendant must show "that there is at least one party: (1) who should be joined if feasible (a necessary party), (2) whose joinder is not feasible, and (3) in whose absence the action cannot proceed in equity and good conscience (an indispensable party)." *Id.* (quoting *James v. Valvoline, Inc.* 159 F.Supp.2d 544, 550 (S.D.Tex. 2001)). The movant bears the burden of proving each element, namely necessity, unavailability, and indispensability. *Thomas,* 2007 WL 656251 *1 (citing *James,* 159 F.Supp.2d at 550). Absent a showing that a party is

necessary, the court's analysis need not proceed any further and the motion should be denied. *Thomas,* 2007 WL 656251 *2 (holding that a joint tortfeasor is merely a permissive party rather than a necessary party and denying the Rule 19 motion to dismiss).

It is well settled that an "employee" may have more than one "employer" for the purposes of applying the FLSA. *See, e.g., Falk v. Brennan,* 414 U.S. 190, 195, 94 S. Ct. 427, 431, 38 L. Ed.2d 406 (173). For example, the Department of Labor regulations expressly recognize that a "single individual may stand in the relation of an employee to two or more employers at the same time." 29 C.F.R. § 791.2(a). Further, the applicable case law establishes that the "FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962 (6th Cir. 1991).

Even if EDCare's assertion that Southwest is *an* employer of Plaintiffs is true, this would not preclude a finding that EDCare employed Plaintiffs as well for FLSA purposes. *See, e.g., Antenor v. D & S Farms*, 88 F.3d 925, 932 (11th Cir. 1996)(employer status is not determined by evaluating which entity acted as *more* of an employer "with the winner avoiding responsibility as an employer."); *Zavala v. Wal-Mart Stores, Inc.* 292 F.Supp.2d 295 (D.N.J. 2005)(denying motion to dismiss claims that janitors provided by third party contractor were also employees of Wal-Mart). Conspicuously, EDCare does not deny that it was an "employer" for FLSA purposes, only that Southwest "is the pertinent employer that paid the Plaintiff's wages." *See* Doc. 6, p. 2.

EDCare, as an "employer" of Plaintiffs, is jointly and severably liable for any FLSA violations. *See* 29 C.F.R.§ 791.2(a)(2000). Because EDCare would be jointly and

3

severally liable for violations of the FLSA, Plaintiffs can obtain complete relief from EDCare without Southwest's presence in this litigation. *DeWitt v. Daley,* 336 B.R. 552 (S.D.Fla. 2006)(rejecting defendant's request to join another employer as a necessary party to an FLSA claim); *Yates v. Applied Performance Technologies, Inc.,* 209 F.R.D 143 (S.D. Ohio 2002) (same). Thus, Southwest is neither a necessary nor an indispensable party. *DeWitt,* 336 B.R. at 556*; Yates*, 209 F.R.D. at 149. The Court should, therefore, deny EDCare's motion to add a "necessary" party.

**B.      Plaintiffs' Complaint States A Claim Against EDCare.**

*1.      The Standard.*

A motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted. *Kaiser Aluminum v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982). The district court is to construe the complaint liberally in favor of the Plaintiff. *Id.* To wit, the court must accept as true all material allegations in the complaint as well as any reasonable inferences to be drawn from them. *Batiste v. City of Beaumont,* 421 F.Supp.2d 969, 978 (E.D. Tex. 2005)(citing *Kaiser Aluminum,* 677 F.2d at 1050)(emphasis added).

Granting a dismissal is inappropriate unless the pleadings on their face reveal beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief. *Garrett v. Commonwealth Mortg. Corp. of Am.,* 938 F.2d 591 (5th Cir. 1991). Thus, the Federal Rules of Civil Procedure erect a powerful presumption against rejecting pleadings for failure to state a claim. *Walston v. City of Port Neches,* 980 F.Supp. 872, 874 (E.D.Tex. 1997)(quoting *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 281, 286 (5th

Cir. 1985)). Unsurprisingly, the granting of a Rule 12(b)(6) motion is "a precarious disposition with a high mortality rate." *Kaiser Aluminum*, 677 F.2d at 1050.

Further, Rule 12(b)(6) must be read in conjunction with Rule 8(a) which sets forth the requirements for pleading a claim in federal court and calls for a short and plain statement of the claim showing that the pleader is entitled to relief. *Walston,* 980 F.Supp. at 874 (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (1969); *Thrift v. Hubbard,* 44 F.3d 348, 356 n.13 (5th Cir. 1995)). Rule 8 sweeps aside the hypertechnical pleading rules that once defeated many an unwary but meritorious claimant. *Walston,* 980 F.Supp. at 874 (quoting *Auster Oil*, 764 F.2d at 386).

The complaint need only contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. *Walston,* 980 F.Supp. at 874 (quoting *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995)). The complaint, therefore, need not specify in exact detail every possible theory of recovery. *Walston,* 980 F.Supp. at 874. Rather, a complaint ordinarily need only be a short and plain statement that gives the defendant notice of what the claim is and the grounds upon which it rests. *Id.* (quoting *Colle v. Brazaos County,* 981 F.2d 237, 243 (5th Cir. 1993)). In short, Rule 8 requires only that a complaint set out a generalized statement of facts from which defendant will be able to frame a responsive pleading. *Walston,* 980 F.Supp. at 874 (quoting 5A CHARLES A. WRIGHT & ARTHUR R. MILLER § 1357). Viewed under these standards, it is clear that EDCare's Motion is nothing more than make-work.

2.  *Plaintiffs Adequately Allege that EDCare is Their Employer.*

Plaintiffs' Complaint alleges EDCare is "in the business of providing emergency room physicians and mid-level practitioners (nurse practitioners and physician assistants) to over dozens hospitals in many states." *See* Doc. 1, p. 2, ¶ 4. EDCare employs mid-levels and pays them on an hourly basis. *Id.*, ¶ 5. However, instead of paying overtime, "EDCare pays its mid-level providers at the same rate for all hours worked, including those in excess of forty in a week." *Id.*

Further, Plaintiffs clearly allege they are "current employees of EDCare" who "are employed as mid-level providers" and who are paid by the hour. *Id.*, p. 3, ¶¶ 8 & 10. Although "Plaintiffs regularly work in excess of forty (40) hours in a workweek [they] are not paid overtime wages as required under the FLSA." *See* Doc. 1, p. 2, ¶ 5. Plaintiffs have, therefore, "been injured by EDCare's policy or practice of paying its mid-level providers at the same hourly rate for all hours worked." *See* Doc. 1, p. 4, ¶ 14. As such, Plaintiffs have alleged who they worked for, how they were paid, and why they are owed money by EDCare. Nothing more is required to give EDCare fair notice of the claims against it and the grounds therefore.

EDCare nonetheless suggests Plaintiffs must meet a heightened *pleading* standard to overcome an *evidentiary* presumption which it imagines exists in this case. *See* Doc. 6, p. 5. FLSA cases are not, however, subject to any heightened pleading standards even if they allege a collective action. *See, e.g., Burton v. Hillsborough County, Fla.*, 181 Fed.Appx. 829, 840 (11th Cir. 2006)("Neither the FLSA nor the relevant case law contemplate, let alone require … a heightened pleading standard for overtime wage claims."); *Badgett v. Texas Taco Cabana, L.P.*, 2006 WL 367872, at *4 (S.D.Tex. Feb

6

14, 2006)("the court has not found any authority that supports defendants' argument that FLSA representative actions are subject to a heightened pleading requirement."). Perhaps even more to the point, EDCare bases its arguments on authorities which deal with issues wholly unrelated to its status as an employer under the FLSA.

  **3.  EDCare's Citation To Cases Dealing With, *e.g.*, "Integrated Enterprise" Liability Under Title VII, Are Irrelevant To This FLSA Case.**

EDCare's citation to *Colindres v. Quietflex Mfg.*, 235 F.R.D. 347 (S.D. Tex. 2006) is simply misplaced. Unlike this case, *Colindres* addressed the issue of whether two corporations constituted an "integrated enterprise" for the purposes of Title VII. *Id.*, at 362-63. In contrast, this case deals with whether EDCare is at least *one of* Plaintiffs' employers for the purposes of the FLSA. *See* Doc. 1. This question must be answered by reference to the relevant standards *under the FLSA*.

The FLSA's statutory definition of an "employer" is a *sui generis* concept and is not limited by formalistic or common law definitions. *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961); *McLaughlin v. Seafood, Inc.,* 867 F.2d 875, 877 (5th Cir. 1989). This is because the FLSA "is intended to identify responsible parties without obfuscation by legal fictions applicable in other contexts." *Dole v. Simpson*, 784 F.Supp. 538, 545 (S.D. Ind. 1991). Indeed, the Supreme Court has referred to the FLSA's definition of employee as "the broadest definition that has ever been included in any one act." *U.S. v. Rosenwasser*, 323 U.S. 360, 363 n. 3 (1945).

Among the factors used by the Fifth Circuit to evaluate "employer" status under the FLSA are whether the proposed employer: 1. has the power to hire and fire the employee; 2. supervised and controlled employee work schedules or conditions of

employment; 3. determined the rate and method of payment for hours worked; and 4. maintained employment records. *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990); *Barfield v. Madison County*, 984 F. Supp. 491, 497 (S.D .Miss. 1997). However, the analysis must focus upon the totality of the circumstances, and not any one factor, with the focus being the economic reality. *Donovan v. Sabine Irrigation Co., Inc.,* 695 F.2d 190, 194 (5th Cir.1983). The central inquiry under the FLSA is whether the defendant had sufficient control over those aspects of the employment relationship that gave rise to the alleged violation. *Dole v. Simpson,* 784 F.Supp. at 545, *Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir. 1984).

This Court recently addressed the issue of employment status under the FLSA in evaluating a summary judgment motion. *Esquivel v. Hillcoat Properties, Inc.*, -- F.Supp.2d --, 2007 WL 995879, at *1-2 (W.D.Tex. Feb. 21, 2007). The Court rejected the facile contention that a particular tax classification is dispositive on the issue of the employer-employee relationship. *Id.*, at * 1 ("Defendants have cited no authority whatsoever for the proposition that a classification for income tax purposes has any application to the determination of employee status under the FLSA."). The Court further noted that even if this were a factor to consider, it would not supplant the economic reality test. *Id.* Ultimately, the Court held that because discovery was ongoing, the fact that defendants failed to establish the non-existence of an employer-employee relationship was sufficient to deny summary judgment. *Id.*, at *2. In this case, discovery has yet to begin.

Even if the Court were to consider the documents submitted by EDCare, these documents raise far more questions than they resolve. For example, how is that EDCare

has access to Plaintiffs' W-2s unless it maintains these records? EDCare's access to those records in and of itself raises fact issues relevant to their status as Plaintiffs' employer.

Moreover, EDCare actively recruits new personnel to work in the hospitals with which it has contracts. For example, EDCare's website proclaims that it has "opportunities" for "nurse practitioners" and "physician assistants" at "Southwest General Hospital" (the entity EDCare asserts is the "correct" employer). *See* Exhibit B (retrieved from http://www.edcaremgt.com). Potential candidates are instructed to contact EDCare regarding the opportunities. *Id.* In fact, EDCare concedes that one of its "functions" is to recruit medical professionals to work in hospitals with which *it* maintains a relationship. *See* Doc. 6, Ex. A (Greco Declaration), at ¶¶ 2-3. Thus, even without any discovery whatsoever, it appears EDCare has some power over the hiring of employees at Southwest General.

Moreover, EDCare's own witness testifies that "coordinating the schedules of health care professionals" is one of it "management services" functions. *See* Doc. 6, Ex. A (Greco Declaration), at ¶ 2. While EDCare contends that it does not "demand" a particular schedule from Plaintiffs, it does not claim that it has no authority to do so. Moreover, whether or not EDCare can "demand" a particular schedule from Plaintiffs is largely irrelevant. The ultimate issue with regard to EDCare's employer status is not whether it forced Plaintiffs to work overtime, but whether it established the policy or practice to not pay them overtime when they did. Even EDCare's own witness does not deny that EDCare made the determination whether or not to pay Plaintiffs' and EDCare's other mid-levels overtime – an allegation clearly included in Plaintiffs' Complaint.

9

Moreover, joint employment – and therefore joint liability – under the FLSA is generally considered to exist "[w]here the employers are not completely disassociated with a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer." 29 C.F.R. § 791.2(b)(3). EDCare testifies that "for each hospital with which EDCare establishes a relationship, either a subsidiary or a professional limited liability corporation is formed." *See* Doc. 6, p. 3, ¶ 3. EDCare is "involved with the formation or registration of many such entities." *Id.* While EDCare claims it is not be a "member" of Southwest, the Texas Comptroller and Westlaw both list EDCare as Southwest's "managing member." *See* Exhibit A. This evidence permits an inference that EDCare and Southwest are not "completely disassociated" and that EDCare exercises control over Southwest.

EDCare simply cannot establish that there are no set of facts that Plaintiffs could prove from which this Court could conclude that it was an employer of Plaintiffs. EDCare has pointed to nothing which would allow this Court to conclude, as a matter of law, that Plaintiffs could not possibly prove facts that would establish that EDCare was involved in the decision of whether or not to pay overtime to its hourly mid-levels who worked more than 40 hours in any workweek. Indeed, EDCare's own evidence attached to its Motion suggests exactly the opposite. It must also be noted that EDCare's less than forthright sworn statement that it is not a member of Southwest when the public records plainly show otherwise cautions strongly against granting any motion to dismiss based upon such clearly unreliable "evidence." As such, EdCare's 12(b)(6) motion must be denied.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/S/ Richard J. Burch**
_____
Richard J. Burch
State Bar No. 24001807
1000 Louisiana, Suite 1300
Houston, Texas 77005
Telephone: (713) 877-8788
Telecopier: (713) 877-8065

**GILLESPIE, ROZEN, WATSKY, & JONES**
James A. Jones
State Bar No. 10908300
3402 Oak Grove Ave., Suite 200
Dallas, Texas 75204
Telephone: (214) 720-2009
Telecopier: (214) 720-2291

**ATTORNEYS FOR PLAINTIFFS AND THE FLSA MPLOYEES**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all opposing parties by and through their attorneys of record via the Western District's CM/ECF system on May 14, 2007.

**/S/ Richard J. Burch**
_____
Richard J. (Rex) Burch

![Window on State Government - Susan Combs, Texas Comptroller of Public Accounts]



[Corporation Search Results](#)

# Officers and Directors
## SOUTHWEST GENERAL EMERGENCY PHYSICIANS PLLC

Return to: Corporation Search Results

Officer and director information on this site is obtained from the most recent Public Information Report (PIR) processed by the Secretary of State (SOS). PIRs filed with annual franchise tax reports are forwarded to the SOS. After processing, the SOS sends the Comptroller an electronic copy of the information, which is displayed on this web site. The information will be updated as changes are received from the SOS.

You may order a copy of a Public Information Report from open.records@cpa.state.tx.us or Comptroller of Public Accounts, Open Government Division, PO Box 13528, Austin, Texas 78711.

| Title: | Name and Address: | Expiration/Resignation Date: |
|---|---|---|
| MANAGING M | EDCARE MANAGEMENT INC<br>3107 STIRLING ROAD SUITE 101<br>FORT LAUDERDALE , FL 33312 | |

Susan Combs　　　　　　　　　　　　　　　　　　　　　　　　Window on State Government
Texas Comptroller of Public Accounts　　　　　　　　　　　　　　　　　　　　　　Contact Us
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Privacy and Security Policy

Exhibit A



17719910358

**CORPORATE RECORDS & BUSINESS REGISTRATIONS**

| | |
|---|---|
| This Record Last Updated: | 11/12/2006 |
| Database Last Updated: | 05-14-2007 |
| Update Frequency: | DAILY |
| Current Date: | 05/14/2007 |
| Source: | AS REPORTED BY THE SECRETARY OF STATE OR OTHER OFFICIAL SOURCE |

**COMPANY INFORMATION**

| | |
|---|---|
| Name: | SOUTHWEST GENERAL EMERGENCY PHYSICIANS, PLLC |
| Address: | 3107 STIRLING ROAD SUITE 101 |
| | FORT LAUDERDALE, FL 33312 |

**FILING INFORMATION**

| | |
|---|---|
| Identification Number: | 0800083561 |
| Filing Date: | 05/13/2002 |
| State of Incorporation: | TEXAS |
| Duration: | PERPETUAL |
| Status: | IN EXISTENCE |
| Business Type: | DOMESTIC LIMITED LIABILITY CO |
| Address Type: | MAILING |
| Where Filed: | SECRETARY OF STATE |
| | 1019 BRAZOS ST |
| | AUSTIN, TX 78701 |

**REGISTERED AGENT INFORMATION**

| | |
|---|---|
| Name: | C T CORPORATION SYSTEM |
| Address: | 350 NORTH ST. PAUL ST. |
| | DALLAS, TX |

**PRINCIPAL INFORMATION**

| | |
|---|---|
| Name: | ==EDCARE MANAGEMENT INC== |

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

| | |
|---|---|
| Title: | <mark>MANAGING MEMBER</mark> |
| Address: | 3107 STIRLING ROAD SUITE 101 |
| | FORT LAUDERDALE, TX   33312 |

**AMENDMENT INFORMATION**

| | |
|---|---|
| Amendments: | 11/10/2006 MISCELLANEOUS    PUBLIC INFORMATION REPORT (PIR) |
| | 11/07/2003 MISCELLANEOUS    PUBLIC INFORMATION REPORT (PIR) |
| | 05/13/2002 MISCELLANEOUS    ARTICLES OF ORGANIZATION |

**ADDITIONAL DETAIL INFORMATION**

| | |
|---|---|
| Additional Details: | STATE TAXPAYER IDENTIFICATION NUMBER:   10304277147 |

Call Westlaw CourtExpress at 1-877-DOC-RETR (1-877-362-7387)
to order copies of documents related to this or other matters.
Additional charges apply.

THE PRECEDING PUBLIC RECORD DATA IS FOR INFORMATION PURPOSES ONLY AND IS NOT THE OFFICIAL RECORD.  CERTIFIED COPIES CAN ONLY BE OBTAINED FROM THE OFFICIAL SOURCE.

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**EDCare currently has opportunities in Texas at these facilities.**

## Quick Stats

Services

Company Profile

Physicians

Hospitals

Contact Us

**Odessa Regional Hospital**

**Southwest General Hospital**

**Medical Center at Terrell**

**Medical Center at Lancaster**



Copyright EDCare Management, Inc. 2003
Legal Disclaimer

Exhibit B